UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| BRENDA BLEVINS,<br><br>Plaintiff,<br><br>v.<br><br>RURAL KING HOLDINGS, LLP,<br><br>Defendant. | ) | No. 1:25-cv-01152-KMB-RLY |

**ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Pending before the Court is Defendant Rural King Holdings, LLP's ("Rural King"), Motion for Summary Judgment.[1] [Dkt. 42.] Plaintiff Brenda Blevins opposes the motion, arguing, among other things, that Rural King has not properly supported key factual assertions it relies on in its motion and that its description of a surveillance recording not submitted to the Court does not satisfy the best evidence rule. [Dkt. 43.] Rural King did not file a reply in support of its motion. For the reasons below, the Court **DENIES** Rural King's Motion for Summary Judgment. [Dkt. 42.]

## I. RELEVANT BACKGROUND

The background necessary to understand the Parties' dispute is not extensive, so the Court sets forth only the limited facts required. Because Rural King has moved for summary judgment under Federal Rule of Civil Procedure 56(a), the Court views the evidence in the light most

[1] Local Rule 7-1(b) requires a supporting brief for a motion for summary judgment. Rural King combined its motion and supporting memorandum into a single filing, which violates this District's Local Rules. The Court reminds counsel to review and comply with the Local Rules before filing motions.

favorable to the non-moving party and draws all reasonable inferences in favor of the non-moving party. *Khungar v. Access Cmty. Health Network*, 985 F.3d 565, 572-73 (7th Cir. 2021).

Ms. Blevins originally filed this lawsuit in Henry County Circuit Court, and Rural King removed it to federal court. [Dkt. 1.] In her Complaint, Ms. Blevins asserts a negligence claim based on premises liability and seeks damages for injuries she allegedly sustained during her fall. [Dkt. 1-2.] She alleges that Rural King knew or should have known of a dangerous condition at the store's entrance but failed to repair it or protect her from it despite having the opportunity to do so. [*Id.* at 2.] In its Answer, Rural King denies liability and asserts various affirmative defenses. [Dkt. 1-1.]

Rural King filed its Motion for Summary Judgment on July 10, 2026. [Dkts. 39; 42.] Ms. Blevins filed her response brief on August 7, 2026. [Dkt. 43.] Rural King did not file a reply brief. The Court held a status conference on September 3, 2026, and counsel for both Parties agreed that the Motion for Summary Judgment was fully briefed. [Dkt. 46.]

As is apparent in the briefing, Ms. Blevins does not dispute that she entered Rural King's New Castle store and fell on January 2, 2024. [Dkts. 1-2; 42 at 1; 43 at 4 ¶ 5.] She does, however, challenge the evidentiary basis for Rural King's account of the circumstances surrounding her fall, including its description of the floor mat at the entrance. [*Id.* at 7-11.] Because the Court resolves the pending motion on evidentiary grounds as detailed in its analysis below, it will not set forth additional details surrounding the specific circumstances of the fall at this time.

## II. APPLICABLE STANDARD

A motion for summary judgment asks the Court to find that a trial is unnecessary because there is no genuine dispute as to any material fact, and instead, the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P 56(a). On summary judgment, a party must show what

evidence it has that would convince a trier of fact to accept its version of the events. *Johnson v. Cambridge Indus.*, 325 F.3d 892, 901 (7th Cir. 2003). "Summary judgment is not a time to be coy." *King v. Ford Motor Co.*, 872 F.3d 833, 840 (7th Cir. 2017) (quoting *Sommerfield v. City of Chicago*, 863 F.3d 645, 649 (7th Cir. 2017)). Rather, at the summary judgment stage, "[t]he parties are required to put their evidentiary cards on the table." *Sommerfield*, 863 F.3d at 649.

The moving party is entitled to summary judgment if no reasonable factfinder could return a verdict for the non-moving party. *Nelson v. Miller*, 570 F.3d 868, 875 (7th Cir. 2009). The trial court views the record in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor. *Darst v. Interstate Brands Corp.*, 512 F.3d 903, 907 (7th Cir. 2008). It cannot weigh evidence or make credibility determinations on summary judgment because those tasks are left to the factfinder. *O'Leary v. Accretive Health, Inc.*, 657 F.3d 625, 630 (7th Cir. 2011).

Each fact asserted in support of or in opposition to a motion for summary judgment must be supported by "a citation to a discovery response, a deposition, an affidavit, or other admissible evidence." S.D. Ind. L.R. 56-1(e). And each "citation must refer to a page or paragraph number or otherwise similarly specify where the relevant information can be found in the supporting evidence." *Id.* The Court need only consider the cited materials and need not "scour the record" for evidence that is potentially relevant. *Grant v. Trustees of Ind. Univ.*, 870 F.3d 562, 572-73 (7th Cir. 2017) (quotations omitted); *see also* Fed. R. Civ. P. 56(c)(3); S.D. Ind. L.R. 56-1(h). Where a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact, the Court may consider the fact undisputed for purposes of the summary judgment motion. Fed. R. Civ. P. 56(e)(2).

## III. DISCUSSION

Rural King moves for summary judgment on Ms. Blevins's sole claim for premises liability negligence, arguing that it neither knew nor should have known that the floor mat at the store's entrance posed a tripping hazard. [Dkt. 42 at 3-4.] Its argument hinges on surveillance footage that, according to Rural King, shows that a customer's cart moved the mat onto the doorway's threshold less than one minute before Ms. Blevins approached and fell. Rural King contends that this interval was too short for its employees to discover and remedy the hazard. [*Id.*]

Rural King did not submit the surveillance video for the Court's consideration with its motion. Instead, the only evidence Rural King designates to support its request for summary judgment is an affidavit from its surveillance manager, Gabriella Baehr, allegedly describing what the recording depicts. [Dkt. 42 at 6.] Ms. Baehr was not an eyewitness to the fall but states that she reviewed the footage and that it has remained in Rural King's custody since the incident. [*Id.* at 6, ¶¶ 2-4.] According to her account, a customer pushed a heavy cart across a previously flat floor mat at 4:12:36 p.m., moving the mat onto the threshold where the automatic doors operated. [*Id.* at ¶ 5.] Ms. Baehr goes on to assert that no one passed through the entrance during the next 57 seconds, but that when Ms. Blevins approached at 4:13:33 p.m., the doors opened and caused the mat to bunch. [*Id.* at 7, ¶ 5.] Rural King's motion also cites three pages of Ms. Blevins's deposition to allegedly establish that she entered the store and fell while crossing the threshold. [Dkt. 42 at 1-2.] Rural King did not submit those deposition excerpts with its motion, so the Court cannot consider them.

In response to Rural King's request for summary judgment, Ms. Blevins argues that Rural King has not supported its motion with the evidence required by Federal Rule of Civil Procedure 56 and Local Rule 56-1 because it failed to submit the cited deposition excerpts and surveillance

recording. [Dkt. 43 at 7-9.] She further contends that Ms. Baehr's affidavit cannot substitute for the recording under Federal Rule of Evidence 1002. Ms. Blevins argues that Ms. Baehr does not claim to have witnessed the underlying events, and Rural King has not established an exception permitting her narrative to prove the contents of a recording that allegedly remains in Rural King's possession. [*Id.* at 9-11.] Alternatively, Ms. Blevins argues that even if the Court considers Ms. Baehr's account, it permits a reasonable inference that Rural King negligently created or maintained an unsafe mat-and-door arrangement at the entrance of its store before the 57-second interval, precluding summary judgment. [*Id.* at 11-15.]

Rural King did not submit a reply brief. The Court may construe that as an acknowledgement of the correctness of the opposing party's position, if appropriate. *See Midwest Generation EME, LLC v. Continuum Chem. Corp.*, 768 F. Supp. 2d 939, 950 (N.D. Ill. 2010) (finding that "failure to respond to an opposing party's argument implies concession"); *Law v. Medco Rsch. Inc.*, 113 F.3d 781, 787 (7th Cir. 1997) (explaining that "[f]ailure to contest a point is not necessarily a waiver, but it is a risky tactic, and sometimes fatal"); *Milam v. Dominick's Finer Foods, Inc.*, 567 F.3d 830, 832 (7th Cir. 2009) (interpreting "plaintiffs' silence in their response as acknowledgment").

To explain why the challenged chronology of events matters to Rural King's motion, the Court briefly outlines the premises liability standard governing Ms. Blevins's negligence claim. Because the Court exercises diversity jurisdiction over this case, Indiana law governs Ms. Blevins's premises liability claim. *See Weaver v. Speedway, LLC*, 28 F.4th 816, 820 (7th Cir. 2022). A duty of care is an indispensable element of a negligence claim. *Pennington v. Mem'l Hosp. of South Bend, Inc.*, 223 N.E.3d 1086, 1096 (Ind. 2024). Absent a duty, there can be no breach and, thus, no liability. *Goodwin v. Yeakle's Sports Bar & Grill*, 62 N.E.3d 384, 386 (Ind. 2016).

Ms. Blevins alleges, and Rural King does not dispute, that Ms. Blevins was an invitee on Rural King's premises. [Dkts. 1-2 at 1; 42 at 3.] It is well-settled law in Indiana that a landowner has a duty to an invitee to "exercise reasonable care for the invitee's protection while the invitee is on the premises." *Rogers v. Martin*, 63 N.E.3d 316, 320 (Ind. 2016). To define the parameters of this duty as it relates to "dangerous conditions on the land," the Indiana Supreme Court has adopted Section 343 of the Restatement (Second) of Torts. *See id.* at 321-22, 323 (citing *Burrell v. Meads*, 569 N.E.2d 637 (Ind. 1991)); *Isgrig v. Trs. of Ind. Univ.*, 256 N.E.3d 1238, 1246 (Ind. 2025). The relevant portion of the Restatement states:

> A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he
>
> (a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and
>
> (b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and
>
> (c) fails to exercise reasonable care to protect them against the danger.

Restatement (Second) of Torts § 343 (Am. L. Inst. 1965).[2]

Before the Court can address the merits of Rural King's argument as to whether it had knowledge of the alleged dangerous condition, the Court considers Ms. Blevins's objection to Rural King's reliance on Ms. Baehr's attested description of the surveillance recording. The Court

---

[2] Indiana continues to follow § 343 of the Restatement (Second) of Torts (1965), notwithstanding a different framework for the duties of a land possessor as set forth in § 51 of the Restatement (Third) of Torts: Liability for Physical and Emotional Harm (2012). *See Isgrig*, 256 N.E.3d at 1246 (applying § 343 of the Second Restatement).

finds Ms. Blevins's objection dispositive in resolving the pending motion.[3] Rural King relies on the surveillance recording to establish the initial condition of the mat, the other customer's displacement of the mat, the absence of intervening traffic, and the precise passage of time before Ms. Blevins approached. [Dkt. 42 at 2, 6-7.] Those assertions supply the factual foundation for Rural King's argument that it lacked notice of the allegedly dangerous condition. Yet, Rural King submitted only Ms. Baehr's description of what the recording depicts, not the actual surveillance recording itself. [*Id.*]

As Ms. Blevins points out in her response brief, an original recording generally is required to prove its contents. Fed. R. Evid. 1002. A duplicate may be admitted to the same extent as an original unless authenticity is genuinely disputed or admitting the duplicate would be unfair. Fed. R. Evid. 1003. Other evidence of a recording's contents may be admitted under specified circumstances, including when all originals are lost or destroyed without bad faith, an original cannot be obtained through available judicial process, or the recording is not closely related to a controlling issue. Fed. R. Evid. 1004(a), (b), (d). Absent an applicable exception, an affidavit describing an unproduced writing or recording cannot establish its contents. *See In re Dye*, 360 F.3d 744, 750 n.5 (7th Cir. 2004) (holding that the portion of a declaration describing an unproduced document was inadmissible under the best-evidence rule where the record did not establish that the original was lost or destroyed).

[3] Ms. Blevins also objects to the fact that Rural King cites deposition excerpts it did not submit to the Court to allegedly establish that she entered the store and fell while crossing the threshold. [Dkt. 42 at 1.] Although Rural King's citations to evidence it did not submit do not satisfy Federal Rule of Civil Procedure 56(c)(1)(A) and Local Rule 56-1(a) and (e), Ms. Blevins acknowledges in her response brief that she entered the store and fell. [Dkt. 43 at 4, ¶ 5.] Because those facts are undisputed, Rural King's failure to submit the cited excerpts is not dispositive in this circumstance.

Rural King submitted neither the recording nor a duplicate with its motion, and it has not established an applicable exception. It does not suggest that the recording was lost, destroyed, or unobtainable. To the contrary, Ms. Baehr states that the footage has remained in Rural King's custody since the incident. [Dkt. 42 at 6, ¶ 4.] The contents of the recording are not collateral; rather, the sequence and timing the video purportedly depicts are central to Rural King's request for summary judgment. Rural King failed to file a reply to Ms. Blevins's response brief raising these issues, which the Court construes as a concession in these circumstances. *See Midwest Generation*, 768 F. Supp. 2d at 950; *Law*, 113 F.3d at 787; *Milam*, 567 F.3d at 832.

Ms. Baehr's familiarity with Rural King's surveillance system does not resolve this problem. She states that she has personal knowledge of the cameras and retention capabilities and that she reviewed the recording, but she does not claim to have been an eyewitness to the underlying events. [Dkt. 42 at 6, ¶¶ 3-4.] Instead, her account describes what the footage shows. [*Id.* at 7, ¶ 5.] Rural King offers her narrative to prove the recording's contents, rather than as an account of events she independently observed. While Ms. Baehr's affidavit may provide a foundation for authenticating the recording, it does not establish a basis for substituting her narrative for what it actually shows. Put another way, the fact that the narrative appears in an affidavit does not eliminate the requirement that its factual contents be admissible. *See* Fed. R. Civ. P. 56(c)(4) ("An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.").

The Court recognizes that evidence submitted at summary judgment need not take the precise form in which it will be admitted at trial. Nevertheless, once an objection is raised under Rule 56(c)(2), the proponent must establish admissibility as presented or explain the anticipated

admissible form. Fed. R. Civ. P. 56(c)(2) advisory committee's note to 2010 amendment ("The burden is on the proponent to show that the material is admissible as presented or to explain the admissible form that is anticipated."). In response to Rural King's motion, Ms. Blevins specifically challenged Rural King's reliance on Ms. Baehr's narrative under Rule 1002. [Dkt. 43 at 9-11.] Rural King did not file a reply, and in this case, the Court construes that as an acknowledgement of the correctness of Ms. Blevins's position on this key evidentiary argument. *See Midwest Generation*, 768 F. Supp. 2d at 950; *Law*, 113 F.3d at 787; *Milam*, 567 F.3d at 832.

For the reasons stated herein, the Court sustains Ms. Blevins's objection to Rural King's use of Ms. Baehr's affidavit to establish the contents of the surveillance recording for purposes of summary judgment. Without that affidavit, Rural King lacks any evidence in support of its motion regarding the key issue of whether it had notice of the condition at issue. Local Rule 56-1(f)(1)(B) excludes unsupported factual assertions if the non-movant shows that the movant's alleged facts are not supported by admissible evidence, which is what Ms. Blevins did here. Summary judgment requires Rural King to demonstrate the absence of a genuine issue of material fact and its entitlement to judgment as a matter of law. Fed. R. Civ. P. 56(a). Rural King has failed to do that. For the reasons stated herein, the Court **DENIES** Rural King's Motion for Summary Judgment. [Dkt. 42.]

## IV. CONCLUSION

For the reasons stated herein, Rural King's Combined Motion for Summary Judgment and Memorandum in Support is **DENIED**. [Dkt. 42.] This case will either resolve by settlement or a jury trial. Counsel are **ORDERED** to meet and confer and file a joint statement **within fourteen (14)** days that states the Parties' preferred month for a jury trial and the number of days they estimate a trial will take.

**SO ORDERED.**

Date: 10/16/2026

Kellie M. Barr
United States Magistrate Judge
Southern District of Indiana

Distribution:

Registered counsel of record via the Court's CM/ECF System